IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



DARREN D. GROSS, §
 §
 Petitioner, §
 §
v. § No. 4:10-CV-677-A
 §
RICK THALER, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
 §
 Respondent. §

### MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Darren D. Gross, a state prisoner currently incarcerated in New Boston, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

### I. Factual and Procedural History

On September 23, 1994, a jury convicted petitioner of murder in the Criminal District Court Number Three of Tarrant County, Texas, and the trial court assessed his punishment at 35 years'

confinement. (State Habeas R. at 23) Petitioner appealed his conviction, but the Second District Court of Appeals of Texas affirmed the trial court's judgment on July 11, 1996. *Gross v. Texas*, No. 02-94-433-CR, slip op. (Tex. App.-Fort Worth July 11, 1996) (not designated for publication). Petitioner did not file a petition for discretionary review; thus his conviction became final under state law on August 12, 1996.[1] *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). On September 22, 2008, petitioner filed a state postconviction application for habeas relief, which was denied without written order by the Texas Court of Criminal Appeals on October 29, 2008. *Ex parte Gross*, Appl. No. WR-70,762-01. This federal petition was filed on September 8, 2010, in which petitioner raises a "no evidence" claim challenging his 1994 conviction. Respondent, Rick Thaler, contends the petition is untimely.

## II. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

---

[1] August 10, 1996, fell on a Saturday. Therefore, petitioner's conviction did not become final until Monday, August 12, 1996.

(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision,

3

petitioner's conviction became final on August 12, 1996, triggering the one-year limitations period, which expired one year later on August 12, 1997, absent any tolling. *See Roberts*, 319 F.3d at 694. Petitioner's state habeas application filed on September 22, 2008, over eleven years later, after the statute of limitations had already expired, did not operate to toll the running of the federal period for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Nor has petitioner alleged or demonstrated that he is entitled to tolling as a matter of equity, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Petitioner claims he failed to timely file a federal petition because he has no understanding of the law or the ability to comprehend legal instructions, in 1996 he was transferred to a "medium custody" facility for two years and was allowed out of his cell for only an hour each day, and his appellate counsel did not inform him of filing deadlines. (Pet'r Reply at 1-11) It is well recognized that neither a petitioner's unfamiliarity with the legal process nor his ignorance of the

law, even for an incarcerated pro se petitioner, does not excuse prompt filing. See *Fierro v. Cockrell,* 467 F.3d 484, 683 (5th Cir. 2006); *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999). Furthermore, transfers between prison units and cell restrictions are common problems among inmates who are trying to pursue postconviction relief and do not support a claim for equitable tolling. See *Roberts v. Quarterman,* No. 4:07-CV-581-A, 2008 WL 818885, at *2 (N.D. Tex. Jan. 29, 2008). Nor does a claim of actual innocence support equitable tolling of the limitations period. See *Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000). Finally, petitioner's claim that he is entitled to equitable tolling based on his appellate counsel's failure to inform him of filing deadlines does not rise to the level of extraordinary circumstances entitling petitioner to equitable tolling. Petitioner has no federal constitutionally protected right to be informed of the procedures or deadlines for pursuing a petition for discretionary review or state application for habeas relief. See *Moore v. Cockrell,* 313 F.3d 880, 881-82 (5th Cir. 2002). Mere attorney error or neglect in providing notice is not an extraordinary circumstance justifying equitable tolling. See *Salinas v. Dretke,* 354 F.3d 425, 432 (5th Cir.

(2004). Petitioner has not set forth any extraordinary circumstances justifying his lengthy delay in pursing state and federal postconviction relief.

Petitioner's federal petition was due on or before August 12, 1997. Accordingly, his petition filed on September 8, 2010, is untimely.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED December 7, 2010.

JOHN McBRYDE
UNITED STATES DISTRICT JUDGE